## GATLIN–McDONALD CHEVROLET CO., Inc., v. BOSS.
### No. 4647.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

H. W. Ayres, of Jonesboro, for appellant.

William J. Hammon, of Jonesboro, for appellee.

DREW, Judge.

Plaintiff instituted this suit for the sum of $200.90, alleging that defendant owed this balance on an account consisting of a garage bill and balance due as commission on sale of gasoline, and attaching itemized statement to the petition.

Defendant denied he was indebted to plaintiff for the commission on gasoline sold, admitted the garage bill as being correct, and reconvened for the sum of $646.22, which he alleged he had paid the plaintiff as commission on sale of gasoline. The defense and reconventional demand are based on the allegations that the commissions paid on the sale of gasoline were paid in consideration of plaintiff giving to defendant or his employer, the Pan-American Petroleum Corporation, the option to renew the lease on plaintiff's filling station at the expiration of the original lease at a price equal to that offered by any other company, and that plaintiff had violated this contract and agreement by leasing the station to the Sinclair Oil Company.

The lower court rendered judgment for plaintiff as prayed for and rejected the reconventional demand of defendant, from which judgment defendant has appealed.

On October 1, 1930, plaintiff entered into a lease contract with Pan-American Petroleum Corporation whereby it leased to said corporation, for a period of two years, its filling station located in Jonesboro, La. In the lease it is specifically provided that the Pan-American Petroleum Corporation shall not have the option of renewing the lease. The consideration for the lease was that the lessee should pay each month an amount equivalent to 1 cent for each gallon of gasoline and motor fuel sold from said premises during the month.

On the same date as the lease, the lessee appointed H. M. Gatlin, the president of plaintiff corporation, as its authorized agent to operate the filling station, agreeing to pay him a commission of 3 cents per gallon on all gasoline sold at said station. Gatlin, not caring to operate the station, made a trade with one L. A. Tumlin whereby Tumlin was to operate the station and pay to plaintiff the sum amounting to 1 cent per gallon for all gasoline he sold at said station from November 18, 1931, up to February 1, 1932, and ½ cent per gallon thereafter. Tumlin was to receive from the Pan-American Petroleum Corporation the 3 cents per gallon which was originally contracted for with Mr. Gatlin. Tumlin carried out this contract with the plaintiff until he was discharged by the Pan-American Petroleum Corporation, when defendant was put in charge of the station. The contract of Tumlin and plaintiff was explained to defendant and he accepted it as his and continued to pay plaintiff under said contract until July 14, 1932, at which time he ceased making payments. The contract of lease on this station expired September 30, 1932.

Defendant admits the amount claimed by plaintiff is correct if he owes the commission on the gasoline. Therefore the only thing for us to consider is the defense made by defendant and his reconventional demand, which is based upon an alleged oral agreement between the president of plaintiff company and the defendant. Defendant contends that he had an oral agreement with the president of plaintiff company wherein he agreed to pay the 1 cent and ½ cent per gallon commission on gasoline sold in consideration of plaintiff giving to him or the Pan-American Petroleum Corporation the option to extend the lease at its expiration at a price equal to the best offer plaintiff received from any other company. He testified to this state of facts. The president of the plaintiff company flatly denies any such agreement or contract and further testified that he did not lease the filling station to the Sinclair Oil Company until after the expiration of the lease with the Pan-American Petroleum Corporation, and that the Pan-American Petroleum Corporation, or defendant, never approached him in regard to a new lease or renewal of the old lease. The original lease to some extent corroborates the president of the plaintiff company in that it provided against the right to renew the lease. He is also corroborated by Mr. Tumlin, who originally operated the station under the Pan-American lease.

Defendant has failed to sustain his defense and likewise his reconventional demand, which is based on the same contention.

Counsel for defendant asks: For what was defendant paying the commission to plaintiff if not for the option to renew the lease contract? He was paying it for the right to earn the difference between the 3 cents per gallon paid by the Pan-American Petroleum Corporation and the 1 cent per gallon and ½ cent per gallon he was paying plaintiff for its contract of agency with the Pan-American Petroleum Corporation. There is nothing unlawful about the contract. Neither is it contrary to public policy or good morals, and it is binding between the parties thereto.

We find no error in the judgment of the lower court and it is affirmed with costs.